# E. MYERS LYE COMPANY v. SINCLAIR MANUFAC-TURING COMPANY.

---

### TRADEMARKS; DESCRIPTIVE WORDS; PRIOR USE.

1. The fact that there have been a number of registrations of marks containing pictorial representations of hogs, as trademarks for hog remedies, will not justify the rejection of such a mark as applied to lye, even though powdered lye is capable of being used as such a remedy, as such a mark is not descriptive of lye.

2. A manufacturer of powdered lye, knowing of the manufacture and sale of the same product in a neighboring territory by another manufacturer, and the use by the latter for many years of a mark in connection with such manufacture and sale, containing the pictorial representation of a hog, is not entitled to registration of a mark as a trademark for lye, the predominating feature of which mark is a hog.  (Citing *Carmel Wine Co.* v. *California Winery*, 38 App. D. C. 1; *Re Atkins*, 41 App. D. C. 238; *Fishbeck Soap Co.* v. *Kleeno Mfg. Co.* 44 App. D. C. 6; *Royal Tailors* v. *J. M. Robinson, N. & Co.* 45 App. D. C. 14.)

No. 1055.  Patent Appeals.  Submitted November 16, 1916.  Decided February 5, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to the registration of a mark as a trademark.                                        *Reversed.*

The facts are stated in the opinion.

*Mr. F. R. Cornwall, Mr. C. S. Butler, Mr. L. S. Bacon,* and *Mr. J. H. Milans* for the appellant.

*Mr. C. W. Owen, Mr. George E. Tew, Mr. Wilber Owen,* and *Mr. F. F. Crampton* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Patent Office dismissing appellant's opposition to the registration by the appellee, the Sinclair Manufacturing Company, as a trademark for powdered lye, of a picture representing part of a shed in which is hanging a slaughtered hog, and adjoining which is an open pigsty containing three live hogs. In front of this sty are two men, one of whom is about to empty the contents of a bucket into a feeding trough. In its application for registration, executed July 13, 1915, appellee alleges use of the mark *since March 1, 1915.*

In its notice of opposition appellant, E. Myers Lye Company, alleges the adoption and use in June, 1900 (fifteen years prior to appellee's adoption and use), as a trademark for lye and powdered lye, of a representation of a live hog. It is further alleged that appellant has continuously used this mark since its date of adoption, "and has sold a very large number of packages of lye so marked;" that by reason of such extensive use "the mark has become widely known in the trade, and is widely recognized as indicating that powdered lye so marked is the product of" appellant.

Appellee interposed a motion to dismiss the notice of opposition, but this was overruled by the Examiner of Interferences, who directed attention to the rule that such motions are not granted "unless the likelihood of confusion is so clearly absent that applicant's right to register is free from doubt." Appellee failing to take testimony within the time allowed, the Examiner sustained the notice of opposition. On appeal the Assistant Commissioner reversed this ruling, being influenced by the fact that there had been a number of registrations of similar marks for use on *hog remedies.*

The Assistant Commissioner apparently overlooked the fact that appellant's alleged use of the mark, as shown by the averments of its notice of opposition and its registrations, was on lye and powdered lye, and not on a hog remedy. It may be that powdered lye is capable of use as a hog remedy, but that would not prevent appellant from using the pictorial representation of a hog in advertising and selling it, since such a representation is not descriptive of lye, or the character or quality thereof.

We fully agree with the Examiner of Interferences that these marks are deceptively similar, within the meaning of the Trademark Act. *Carmel Wine Co.* v. *California Winery,* 38 App. D. C. 1; *Re Atkins,* 41 App. D. C. 238; *Fishbeck Soap Co.* v. *Kleeno Mfg. Co.* 44 App. D. C. 6; *Royal Tailors* v. *J. M. Robinson, N. & Co.* 45 App. D. C. 14. Appellant's lye, having been on the market for fifteen years, would be likely to be known to the purchasing public as the "hog brand" of lye. Being engaged in the sale of the same article, namely, powdered lye, and in neighboring territory (appellant being located in St. Louis, Missouri, and appellee in Toledo, Ohio), appellee of course knew all this. And yet it deliberately incorporated, as the predominating feature of its mark, the mark of appellant. We are clearly of opinion that the opposition should have been sustained.

The decision is reversed.                    *Reversed.*

Mr. Justice GOULD, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal, in the place of Mr. Chief Justice SHEPARD.